# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT NO. |
| ) | 1:25CR-29 |
| v. ) | FILED UNDER SEAL |
| ) | |
| **CHERYL GALLOWAY** and ) | 18 U.S.C. §§ 1341, 1349 |
| ███████████ ) | Conspiracy to Commit Mail Fraud |
| ) | |
| ) | 18 U.S.C. § 1341 |
| ) | Mail Fraud |

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment:

## GENERAL ALLEGATIONS

1. From at least in or about March 2020 through in or about March 2022, Defendants, **CHERYL GALLOWAY** and ███████████, along with their now-deceased co-conspirator, carried out a nationwide fraudulent scheme to obtain unemployment insurance benefits during the COVID-19 pandemic.

2. **CHERYL GALLOWAY** is the mother of ███████████ and the now-deceased co-conspirator, whose identity is known to the Grand Jury. State authorities became aware of the co-conspirator's death in and around May 2024.

3. As part of their scheme, these conspirators submitted fraudulent applications with agencies in at least 40 states. As a result, the conspirators received approximately $480,000.00 to which they were not entitled, and they attempted to obtain even more money through fraudulent and deceptive means.

4. The unemployment insurance programs that conspirators defrauded were expanded as part of the federal government's response to the unemployment consequences of the COVID-19 pandemic.

5. During their scheme, **GALLOWAY**, ███████, and their co-conspirator either maintained a residence in Richmond County or had access to a residence in Richmond County, within the Southern District of Georgia.

## BACKGROUND

### *Unemployment Insurance*

6. The unemployment insurance ("UI") system in the United States is a joint state and federal program that provides monetary benefits to eligible beneficiaries. UI payments are intended to provide temporary financial assistance to lawful workers who become unemployed through no fault of their own.

7. Eligibility for UI benefits and the length of time benefits are available are generally determined by state law. In general, benefits are based upon a percentage of an individual's earnings over a recent 52-week period – up to a state-established maximum amount. Most states pay benefits for a maximum of 26 weeks.

8. State Workforce Agencies ("SWA") oversee and administer the UI program in their respective states. In general, a person seeking UI benefits through an SWA must complete an online application that includes, among other things, the claimant's name, date of birth, social security number, e-mail address, and the reason why the claimant is unemployed. In general, to be eligible for benefits, the claimant must: (1) have been recently employed in the state in which the claim was filed, (2)

be currently unemployed, (3) be able and available to work, and (4) be actively seeking suitable full-time employment. Claimants generally must certify that they have not received UI benefits in any other state for the same period.

9. The manner in which UI funds are paid to claimants varies by state. In some states, UI funds are issued in the form of a direct deposit into the claimant's designated bank account. In other states, UI funds are issued through a debit card mailed to the address designated by the claimant. In other states, UI funds are issued by check mailed to the address designated by the claimant. Some states combine these methods of payment.

10. In March 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the CARES Act. The CARES Act was designed to provide emergency financial assistance to millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

11. As part of the CARES Act, Congress authorized additional funding for unemployment insurance programs. Several federal programs expanded UI eligibility and increased UI benefits, including the Pandemic Unemployment Assistance Program ("PUA"), Federal Pandemic Unemployment Compensation ("FPUC"), and the Lost Wages Assistance Program ("LWAP").

## COUNT ONE
*Conspiracy to Commit Mail Fraud*
18 U.S.C. §§ 1341, 1349

12. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 above in their entirety as if fully set forth herein.

13. From in or about March 2020, and continuing until at least in or about March 2022, in Richmond County, within the Southern District of Georgia, and elsewhere, Defendants,

**CHERYL GALLOWAY, and**

███████████

and an individual not named herein, did knowingly combine, conspire, and agree with each other and with others known and unknown to the Grand jury, to commit the offense of mail fraud, to wit: to knowingly, willfully, and with the intent to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, cause to be delivered a matter by mail and by private and commercial interstate carrier according to the direction thereon, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1341 and 1349.

### PURPOSE AND OBJECT OF CONSPIRACY

14. The purpose and object of the conspiracy was for Defendants and an individual not named herein to submit and cause to be submitted false and fraudulent UI claims to obtain UI benefits to which they were not entitled.

4

## MANNER AND MEANS

The manner and means utilized by the Defendants, and another not named herein, to accomplish the object of the scheme and artifice to defraud included the following:

15.    Defendants and an individual not named herein used their own personal identifying information to submit, and cause to be submitted, UI applications to approximately forty SWAs containing materially false and fraudulent representations and promises.

16.    The false representations on the UI applications included the following:

    a.    Defendants and co-conspirator falsely represented that they worked in a particular state when they never worked there at all;

    b.    Defendants and co-conspirator falsely represented their employer's address to indicate that they worked in a particular state;

    c.    Defendants and co-conspirator falsely stated that they worked for a particular amount of time in a particular state;

    d.    Defendants and co-conspirator falsely stated that they earned a specific amount of wages in a particular state;

    e.    Defendants and co-conspirator falsely claimed, in numerous states, that they were going to start a job but were unable to do so due to the COVID-19 pandemic; and

    f.    Defendants and co-conspirator falsely stated that they had not

previously filed unemployment claims in any other state when, in truth and fact, they had previously filed numerous unemployment applications in other states and received benefits from other states.

17. Defendants and co-conspirator provided false information to SWAs to mislead the SWAs and to induce the SWAs to approve their fraudulent claims for UI benefits and issue funds.

18. Through their submission of false and fraudulent UI claims, Defendants and co-conspirator did cause SWAs and financial institutions to transfer fraudulent UI benefits to them in a variety of ways, including through direct deposits to bank accounts that conspirators controlled, mailing debit cards in conspirators' names to addresses they identified, and mailing checks made out to conspirators to addresses they identified.

19. Defendants and co-conspirator did cause SWAs and financial institutions to mail debit cards loaded with UI benefits to physical addresses within the Southern District of Georgia and elsewhere, with such addresses designated by conspirators and accessible to them. Such mailings did include, but were not limited to, those alleged in Counts Two through Seven of this Indictment.

20. Defendants and co-conspirator did use, and attempt to use, the UI benefits by withdrawing cash from bank automated teller machines ("ATMs") and by using debit cards through point-of-sale transactions.

21.     Defendants and co-conspirator communicated through e-mail about how to participate in the scheme, including by sharing information from SWAs regarding UI benefits applications.

22.     In total, Defendants and co-conspirator filed and caused to be filed false and fraudulent UI claims with SWAs in approximately 40 states, thereby causing the SWAs to disburse approximately $480,000.00 in UI benefits to which the Defendants and an individual not named herein were not entitled.

All in violation of Title 18, United States Code, Sections 1341 and 1349.

## COUNTS TWO THROUGH SEVEN
*Mail Fraud*
18 U.S.C. § 1341

23. The Grand Jury realleges and incorporates by reference paragraphs 1 through 11 above in their entirety as if fully set forth herein.

24. From in or about March 2020, and continuing until at least in or about March 2022, in Richmond County, within the Southern District of Georgia, and elsewhere, the Defendants,

**CHERYL GALLOWAY, and**

▉▉▉▉▉▉▉▉▉▉▉▉

aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud, devised a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, and for purposes of executing or attempting to execute the scheme, used the mails and caused the mails to be used, in violation of Title 18, United States Code, Sections 1341 and 2.

## THE SCHEME AND ARTIFICE

25. From in or about March 2020 to in or about March 2022, in Richmond County, within the Southern District of Georgia, and elsewhere, Defendants, with the intent to defraud, knowingly devised a scheme and artifice to defraud unemployment insurance ("UI") programs, and to obtain money and property from UI programs by means of materially false and fraudulent pretenses, representations, and promises.

26. Through their submission of false and fraudulent UI claims, Defendants, aided and abetted by others, did cause state workforce agencies and

financial institutions to transfer fraudulent UI benefits to them in a variety of ways, including through direct deposits to bank accounts that Defendants controlled, mailing debit cards in Defendants' names to addresses they identified, and mailing checks made out to Defendants to addresses they identified.

## EXECUTIONS OF THE SCHEME AND ARTIFICE

27. On or about the dates listed below, in the Southern District of Georgia and elsewhere, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, the Defendants identified below, aided and abetted by others, knowingly and willfully caused to be delivered by United States mail and by private and commercial interstate carriers according to the direction thereon, the mail matter described below, each count constituting a separate count of this Indictment, as follows:

| COUNT | DEFENDANT | MAILING DATE | STATE WORKFORCE AGENCY | MAILING DESCRIPTION |
|---|---|---|---|---|
| 2 | **CHERYL GALLOWAY** | 05/26/2020 | Arizona | Mailing of SWA-sponsored debit card to Cheryl Galloway at 5082 Silverleaf Way, Aiken, SC 29803 |
| 3 | **CHERYL GALLOWAY** | 05/23/2020 | South Carolina | Mailing of SWA-sponsored check to Cheryl Galloway at 1238 Gordon Highway, Room 205, Augusta, GA 30901 |
| 4 | **CHERYL GALLOWAY** | 06/18/2020 | Pennsylvania | Mailing of SWA-sponsored debit card to Cheryl Galloway at 1238 Gordon Highway, Room 205, Augusta, GA 30901 |

| COUNT | DEFENDANT | MAILING DATE | STATE WORKFORCE AGENCY | MAILING DESCRIPTION |
|---|---|---|---|---|
| 5 | ■ | 06/30/2020 | Massachusetts | Mailing of SWA-sponsored debit card to ■ |
| 6 | ■ | 07/15/2020 | Pennsylvania | Mailing of SWA-sponsored debit card to ■ |
| 7 | ■ | 08/21/2020 | Georgia | Mailing of SWA-sponsored debit card to ■ |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Seven of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 and 1341, set forth in Counts One through Seven, the Defendants, **CHERYL GALLOWAY** and ▓▓▓▓▓▓▓▓▓▓ shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of such offense.

If any of the property described above, as a result of any act or commission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

Foreperson

_____
Tara M. Lyons
Acting United States Attorney

_____
Matthew A. Josephson
Assistant United States Attorney
*Co-lead Counsel

_____
Tania D. Groover
Assistant United States Attorney
Chief, Criminal Division

_____
George J.C. Jacobs, III
Assistant United States Attorney
*Co-lead Counsel